CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 0 5 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUTH K. BRITT, <br> Plaintiff, <br><br> v. <br><br> JOANNE B. BARNHART, <br> COMMISSIONER OF SOCIAL SECURITY, <br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 7:04-CV-00715 <br> ) <br> ) By: Hon. Michael F. Urbanski <br> ) United States Magistrate Judge <br> ) |

## MEMORANDUM OPINION

Plaintiff Ruth K. Britt brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

To receive DIB benefits, Britt must establish that she was disabled by the date she was last insured. In this case, the date is June 30, 1986. Britt asserts disability due to anxiety and agoraphobia. There are no medical records indicating that plaintiff was disabled due to this condition before this date. Britt contends that her medical records show that she suffered from dizziness and lightheadedness prior to June 30, 1986, and that these were initial manifestations of her disabling medical condition. The Commissioner argues that there is insufficient medical evidence or opinion to link Britt's complaints of lightheadedness or dizziness in 1984 with her anxiety and agoraphobia first diagnosed in 1987, after her date last insured.

As there is insufficient medical evidence linking Britt's anxiety and agoraphobia with her reports of dizziness and lightheadedness in 1984, substantial evidence exists to support the Commissioner's decision.

## STANDARD OF REVIEW

The court's review is limited to a determination as to whether there is a substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## FACTUAL AND ADMINISTRATIVE HISTORY

Plaintiff Ruth K. Britt has brought this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's final decision denying her DIB benefits. Britt filed for DIB on February 17, 2003 alleging that she had been disabled since December 31, 1984. (Administrative Record, hereinafter "R.", at 44-46, 65.) The Virginia Disability Determination Service denied her claim initially and upon reconsideration. (R. 18-22, 26-28) At plaintiff's request, an ALJ held a hearing on June 18, 2004. (R. 29, 189-200) At the hearing, the ALJ gave plaintiff the opportunity to provide additional medical records that had been unavailable at the time of the hearing. (R. 198) However, the record does not reflect that plaintiff presented any additional evidence. The Commissioner's decision became final for the purposes of judicial review when the Appeals Council denied plaintiff's request for review. (R. 7-8) Plaintiff then filed this action challenging the Commissioner's decision.

2

The medical records before June 30, 1986, plaintiff's date last insured, do not reflect any treatment for disabling anxiety or agoraphobia. (R. 101-04, 172, 177) Indeed, between the alleged date of onset, December 31, 1984, and the date Britt's disability insurance status expired, June 30, 1986, plaintiff's medical records do not reflect any medical treatment for any condition associated with her claimed disability due to anxiety and agoraphobia.[1]

Prior to her claimed onset date, plaintiff's medical records reveal that she complained of being lightheaded and dizzy during June and July, 1984. The medical records during that period reveal that her medical providers first thought the condition was labyrinthitis (inflamation of the labyrinth of the ear), for which she was prescribed Antivert, an antihistamine. (Office note dated 6/5/84, R. 104) The ALJ's decision noted this diagnosis. (R. 13) Britt's dizziness persisted, however, and she was seen by an ENT physician on June 7, 1984, at which time she was continued on Antivert and tests were done to rule out diabetes. (R. 103) Britt began those tests on June 12, 1984, but did not complete them. (R. 103) While it is nearly impossible to decipher the medical notes dated June 14, 1984, it appears that Britt complained at that time of weakness, dizziness, and lightheadedness, among other things. Her condition was thought to be related to her diet and caffeine use. (R. 102) Two weeks later, on June 28, 1984, Britt reported being much better with reduced caffeine and altered diet. (R. 101) A month later, on July 25, 1984, Britt again was seen for dizziness and appears as well to have complained of tension at work. Britt was started on a low dose of an indeterminate medication at that time. Britt was not seen

---

[1] Plaintiff's medical records reflect just a few treatments in 1985 and 1986, and those were for athlete's foot rash and rectal bleeding, conditions unrelated to her claimed disability. (R. 172, 177)

3

again with any similar complaints until April, 1987, when she began seeking treatment for anxiety and agoraphobia. (R. 177)

## ANALYSIS

The only issue present in this case is whether substantial evidence supports the Commissioner's decision that plaintiff was not disabled as of the date last insured. To become entitled to DIB, a claimant must demonstrate that she became disabled before the expiration of her disability insured status. See 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131 (stating that an individual must have disability insured status in the first full month she is disabled).

Here, plaintiff alleged that she became disabled on December 31, 1984, and her disability insured status expired on June 30, 1986. (R. 47) During the time period between when plaintiff alleges that she became disabled and when her disability insurance status expired, the records only show that in June and July, 1984, plaintiff was treated for complaints of lightheadedness and dizziness; that in December 1985, she was treated for athlete's foot; that in April 1986, she was treated for rectal bleeding, hemorrhoids, and anal fissures. (R. 101-04, 172, 177) Plaintiff's first complaints of mental impairments to a medical source did not occur until April 1987, well after her DIB-insured status expired. (R. 177)

Britt asserts that the dizziness that she complained about in 1984 was actually the beginnings of her later anxiety attacks. (Pl.'s Mem. Supp. Pl. Mot. Reverse at 4.) Britt contends that even though the official diagnoses of anxiety and agoraphobia occurred after the date plaintiff was last insured, her complaints of lightheadedness and dizziness signal the dawn of this condition as far back as 1984. Id.

4

Britt's argument ignores her burden of proving that she was disabled prior to the expiration of her insured period. As a claimant, under the Act, Britt bears the burden of proving that she cannot work. See 42 U.S.C. §§ 423(d)(5), 1382c(a)(3)(H)(I); see also Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). Plaintiff's assertions that she was disabled prior to the date she was last insured fall woefully short of this standard. Fully crediting Britt's evidence, at most she establishes that she complained of dizziness and being lightheaded during June and July,1984, at which time her complaints were attributed to an inner ear inflammation, diet, caffeine and/or tension. (R. 101-04) There is no medical opinion in the record that her 1984 complaints rendered Britt disabled. A mere diagnosis of a medical condition is insufficient to establish disability. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986); Wagner v. Apfel, 1999 U.S. App. LEXIS 29887 (4th Cir. Nov. 16, 1999). Consistently, a state agency psychologist found that plaintiff had no medically-determinable mental impairment as of the date she was last insured. Having reviewed the records, on June 19, 2003, Julie Jennings, Ph.D., a state agency psychologist, reported that plaintiff had no medically determinable impairments prior to the date her DIB-insured status expired. (R. 141) Finally, there is no competent medical evidence linking the symptoms from 1984 with her problems with anxiety and agoraphobia beginning in 1987. Plaintiff must establish that she was unable to work as of June 30, 1986, and there is no evidence to support this conclusion.

Given the deferential standard of review provided under 42 U.S.C. § 405(g), the court must affirm the decision of the ALJ as clearly there is substantial evidence to support the conclusion that plaintiff was not disabled as defined under the Social Security Act. See Pierce v.

5

Underwood, 407 U.S. 552, 565 (1988); King v. Califano, 559 F.2d 597, 599 (4th Cir. 1979). As such, defendant's motion for summary judgment is granted.

## CONCLUSION

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is free of anxiety or other problems. Rather, the objective medical record simply fails to document the existence of any condition as of June 30, 1986 which would reasonably be expected to result in total disability from all forms of substantial gainful employment. It appears that the ALJ properly considered all of the evidence in adjudicating plaintiff's claim for benefits, and it follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. The Clerk is directed to send certified copies of this opinion to all counsel of record.

Enter this 5 day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE